**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID C. LETTIERI,

                                               Plaintiff,                          3:24-cv-198 (BKS/ML)

v.

VESTAL POLICE,

                                               Defendant.

**Appearances:**

*Plaintiff pro se*:
David C. Lettieri
2023-00002000
Niagara County Jail
5526 Niagara Street Ext.
Lockport, NY 14095

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff David C. Lettieri commenced this proceeding under 42 U.S.C. § 1983, and sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on March 14, 2024, denied Plaintiff's application to proceed IFP, and issued a Report-Recommendation, recommending that, should Plaintiff wish to proceed with this action, he be required to pay the $405.00 filing and administrative fees within thirty (30) days from the filing of an Order adopting the Report-Recommendation. It was further recommended that should Plaintiff fail to pay the full filing and administrative fees within thirty (30) days of the date of such an order, the case be dismissed without prejudice and without further order of the Court. (Dkt. No. 6). Plaintiff was informed that he had fourteen days within which to file written objections to the report under 28 U.S.C.

§ 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 11).

Plaintiff filed objections to the Report-Recommendation on March 27, 2024. (Dkt. No. 7.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## I.  STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## II.  DISCUSSION

Judge Lovric found that Plaintiff failed properly to complete the form seeking leave to proceed *in forma pauperis* and thus failed to demonstrate economic need.  (Dkt. No. 6, at 3).

Because Plaintiff is an inmate, however, Judge Lovric also explored whether the "three strikes" provision in 28 U.S.C. § 1915(g) bars Plaintiff from proceeding in this action *in forma pauperis*. Judge Lovric noted that Plaintiff has filed eighty-six civil actions in federal district courts since 2022. (*Id.*)[1] Judge Lovric concluded that the "three strikes" provision applied, citing to three actions: (1) *Lettieri v. W. Dist. of N.Y.*, 23-CV-0770 (W.D.N.Y. Sept. 11, 2023), Dkt. No. 7; (2) *Lettieri v. U.S. Dep't of Justice*, 23-CV-0866 (W.D.N.Y. Sept. 19, 2023), Dkt. No. 3; and (3) *Lettieri v. Vilardo*, 23-CV-6498 (W.D.N.Y. Sept. 21, 2023), Dkt. No. 3. (Dkt. No. 6 at 7 n.11). Judge Lovric concluded that Plaintiff needed to demonstrate that the "imminent danger exception" applied to proceed without paying the filing fee in this case. Judge Lovric found that no such exception applied in this case where the Plaintiff claims that "over five years before filing this action a third party attempted to stab Plaintiff and employees of Defendant failed to pursue criminal charges." (Dkt. No. 6, at 10).

In his objection Plaintiff argues that the case of *Lettieri v. W. Dist. of N.Y.*, 23-CV-0770 (W.D.N.Y. Sept. 11, 2023) should not count as strike because after that case had been dismissed and he had appealed the dismissal, he filed a motion to amend the complaint, to add a claim for abuse of process, and it was "denied without prejudice pending the resolution of Plaintiff's appeal." (Dkt. No. 7, at 1, 7). This argument is, as set forth below, without merit.

In *Lettieri v. W. Dist. of N.Y.*, Plaintiff alleged that a member of the Clerk's Office in the Western District of New York failed to mail him an order and a judgment in another case that he had filed in that court. The district court sua sponte dismissed the complaint with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A on the basis of judicial immunity, noting that "whoever

---

[1] Magistrate Judge Lovric has referred Plaintiff to the undersigned to consider issuing a filing injunction, in light of Plaintiff's extensive and vexatious litigation history. *See Lettieri v. City of Binghamton*, No. 24-cv-74, Dkt. No. 4.

3

in the Clerk's Office was responsible for mailing the documents to Lettieri is immune from Lettieri's claims." (Id. at 6–7). After this dismissal and the entry of judgment in favor of the Defendant, Plaintiff filed a motion for reconsideration, a notice of appeal, a motion for an order to show cause, and a motion to amend the complaint. (*Lettieri v. W. Dist. of New York*, Case No. 23-cv-770, Dkt. Nos. 10, 11, 13, 16). The district court denied Plaintiff's motions, noting that the motion to amend the complaint was denied without prejudice pending the resolution of Plaintiff's appeal. (*Id.*, Dkt. No. 17).

On March 13, 2024, the Second Circuit Court of Appeals dismissed Plaintiff's appeal, finding that it "lack[ed] an arguable basis either in law or in fact." *Lettieri v. Western District of New York*, Case No. 23-7508, Dkt. No. 28 (March 13, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Second Circuit noted that Plaintiff has filed several other frivolous appeals and moot appeals, and warned Lettieri, that "the continued filing of appeals that are frivolous or moot could result in the imposition of a sanction that would require [him] to obtain permission from this Court prior to filing any further submissions in this Court." (*Id.*).

Plaintiff's assertion that the district court's dismissal in *Lettieri v. W. Dist. of N.Y.* did not count as a strike is without merit. The dismissal counts as a strike because "[a]ny claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)," and counts as a strike. *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011). The district court's ruling, after dismissing the action, denying Plaintiff's motion to amend the complaint to add a claim for abuse of process "without prejudice pending the resolution of [his] appeal" does not support Plaintiff's argument because the district court had dismissed his complaint and did not grant Plaintiff leave to amend. The dismissal counts as a strike. *See Lomax v. Ortiz-Marquez*, 590 U.S. ___, 140 S. Ct. 1721, 1724 n.4 (2020) (noting that while § 1915(g) does not apply if a

4

plaintiff has been given leave to amend his complaint, because then "the suit continues," § 1915(g) applies to all dismissals for frivolousness, whether with or without prejudice).

Moreover, Plaintiff's appeal from the district court's dismissal counts as another strike because the Second Circuit found that his appeal "lack[ed] an arguable basis either in law or in fact." *Lettieri v. Western District of New York*, Case No. 23-7508, Dkt. No. 28 (March 13, 2024)). *See*, *e.g.*, *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (holding that "sequential dismissals on strike grounds can provide separate strikes under § 1915(g)").

Plaintiff has not identified any other objection to Magistrate Judge Lovric's determination that the three strikes provision applies. The Court has therefore reviewed the remaining portion of the Report-Recommendation for clear error, and found none. Accordingly, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

### III.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 6) is **ADOPTED**; and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action, he must pay the $405.00 filing and administrative fees within thirty (30) days of the date of this order; and it is further

**ORDERED** that if Plaintiff fails to pay the full filing and administrative fees within thirty (30) days of the date of this order, the case will be dismissed without prejudice and without further order of the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 15, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge